UNITED STATES BANKRUPTCY COURT
DISTRICT OF ARIZONA

| In Re: | In Proceedings Under Chapter 13 |
|---|---|
| TODD BALLANTINE, | Case No. 3:23-bk-02173-DPC |
| SHANTAY BALLANTINE, | STIPULATED ORDER CONFIRMING |
| Debtor(s). | CHAPTER 13 PLAN |

The Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

IT IS ORDERED confirming the Chapter 13 Plan of the Debtor as follows:

(A) INCOME SUBMITTED TO THE PLAN. Debtor shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1 – 10 | $1,500.00 |
| 11 – 60 | $2,210.00 |

The payments are due on or before the 5th day of each month commencing May 5, 2023. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the plan is deemed completed.

The Debtor shall provide, directly to Trustee copies of their Federal and State income tax returns each year during the duration of the Plan, within 14 days of filing them.

Other Property. *Debtors shall turnover any net tax refunds for tax years 2023, 2024, 2025, 2026 and 2027, withing 14 days of receiving them, as supplement plan payments.*

1

In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) DURATION. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) CLASSIFICATION AND TREATMENT OF CLAIMS. Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses: Attorney Fees.

> Benjamin J. Wright shall be allowed compensation of $5,500.00. Counsel received $1,500.00 prior to filing this case. Attorney shall be paid $4,000.00 by the Trustee from Plan proceeds for preconfirmation services.

(2) Claims Secured by Real Property:

a. None.

(3) Claims Secured by Personal Property:

a. Snap-on Credit ("Snap-on 1"), secured by tools of the trade, has filed a secured claim in the amount of $16,426.54. Snap-on 1 shall be paid its claim, in full, with 10.00% interest. Snap-on 1 has filed an objection to confirmation of Debtors' plan. Be executing below it is indicating gits objections are resolved.

b. Snap-on Credit ("Snap-on 2"), secured by tools of the trade, has filed a secured claim in the amount of $9,488.03. Snap-on 2 shall be paid its claim, in full, with 10.00% interest. Snap-on 2 has filed an objection to confirmation of Debtors' plan. Be executing below it is indicating gits objections are resolved

(4) Unsecured Priority Claims:

a. Arizona Department of Revenue ("ADOR") has filed a claim in the amount of $5,227.85, of which $4,295.10 is a priority claim. ADOR shall be paid its priority claim, in full, without interest, from plan proceeds, with the balance of its claim being treated as a general unsecured claim.

b. Franchise Tax Board ("FTB") has filed a claim in the amount of $14,009.27, of which $2,247.62 is a priority claim. FTB shall be paid

its priority claim, in full, without interest, from plan proceeds, with the balance of its claim being treated as a general unsecured claim.

    c. Riverside DCSS ("DCSS") has filed a priority claim in the amount of $69,804.81. DCSS shall be paid its priority claim, in full, without interest, from plan proceeds.

(5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

    a. None.

(6)    Other Provisions:

    a. None.

(7)    Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. The property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____    _____
Edward J. Maney, Trustee    Date

_____    2/19/24
Jennifer A. Pursley, Attorney for Snap-on 1 & 2    Date

_____    2/16/24
Benjamin J. Wright, Attorney for Debtors    Date

The Debtor(s) certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____  2-15-2024
Todd Ballantine, Debtor          Date

_____  2-15-2024
Shantay Ballantine, Debtor       Date